IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID HARDY-SULLIVAN, | ) | CIVIL NO. 11-00167 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION; | ) | |
| JAMES SINEGAL; | ) | |
| JOHN MATTHEWS; | ) | |
| NORMA LUFKIN; | ) | |
| SHELLY SEFTON | ) | |
| NOREEN KAM-CHAVEZ; | ) | |
| PATRICIA R. FORTENOS; | ) | |
| MELINDA VIDA; | ) | |
| CARL FERRIN; | ) | |
| RUSSELL LEE; and | ) | |
| PETER TEODO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT

I.      INTRODUCTION AND BACKGROUND.

On March 14, 2011, Plaintiff David Hardy-Sullivan filed the Complaint in this matter. Hardy-Sullivan alleges that he was injured in a Costco store located in Kailua-Kona, Hawaii, when some stacked boxes fell on him. See Complaint ¶¶ 7, 9, Mar. 14, 2011, ECF No. 1. Hardy-Sullivan asserts state-law causes of action based on negligence (Count 1) and unfair and deceptive business acts or practices (Count 2). Hardy-Sullivan asserts that this court has jurisdiction over his claims based solely on diversity of citizenship, 28 U.S.C. § 1332. See id. ¶ 1.

Hardy-Sullivan alleges that he is a citizen of the State of Hawaii. Id. ¶ 2. In relevant part, Hardy-Sullivan

alleges that Defendants Noreen Kam-Chavez, Patricia R. Fortenos, Melinda Vida, Carl Ferrin, and Russell Lee are "residents of the State of Hawai`i." Id. ¶ 4.

On March 22, 2011, Defendants Costo Wholesale Corporation, James Sinegal, John Matthews, Norma Lufkin, Shelley Sefton, and Peter Teodo filed a motion to dismiss, arguing in relevant part that complete diversity is lacking. See ECF No. 15-1. A hearing on the motion to dismiss was set for May 9, 2011. See ECF No. 19. Pursuant to Local Rule 7.4, any opposition to the motion to dismiss was due on April 18, 2011, 21 days before the hearing. No opposition has been filed. Because the court agrees that the Complaint fails to allege facts supporting diversity jurisdiction, the motion to dismiss is granted and the Complaint is dismissed. Hardy-Sullivan is given leave to file an Amended Complaint no later than May 20, 2011, that assert claims over which this court has jurisdiction.

II.   MOTION TO DISMISS STANDARD.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. Thornhill Publ'g Co. v. Gen, Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to

dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. Thornhill, 594 F.2d at 733.

Defendants' motion to dismiss is a facial attack on this court's subject matter jurisdiction.

III.    ANALYSIS.

Defendants seek dismissal of the Complaint, arguing that it fails to allege facts supporting diversity jurisdiction.

Under 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions when the parties are diverse and the matter in controversy exceeds $75,000, exclusive of interest and costs. "Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced." Mann v. City of Tucson, Dept. of Police, 782 F.2d 790, 794 (9th Cir. 1986).

3

According to the allegations in the Complaint, Hardy-Sullivan is a citizen of Hawaii, and several Defendants are "residents" of Hawaii. Even if the court overlooks the distinction between allegations of residency and allegations of citizenship, the Complaint fails to allege facts supporting complete diversity, as Plaintiffs and some Defendants are citizens of Hawaii. Because there is no other basis of jurisdiction apparent from the face of the Complaint, this court lacks jurisdiction over it. Accordingly, the Complaint is dismissed. See Kuntz v, Lamar Corp. 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants.").

The dismissal of the Complaint in this matter does not leave Hardy-Sullivan without a remedy. He could file his Complaint in state court. Alternatively, he could file an Amended Complaint in this court that asserts claims over which this court has jurisdiction. Hardy-Sullivan is given leave to file such an Amended Complaint in this court no later than May 20, 2011. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.

2000) (cautioning courts to allow amendment of a dismissed complaint if it appears possible that the plaintiff can correct the defect in the complaint).

IV. CONCLUSION.

Because the Complaint fails to allege facts supporting complete diversity of citizenship, and because Hardy-Sullivan has failed to timely file an opposition to the motion to dismiss the Complaint, the Complaint is dismissed without a hearing pursuant to Local Rule 7.2(d).  All pending matters, discovery requests, hearings, and deadlines are terminated.  Plaintiff is given leave to file an Amended Complaint no later than May 20, 2011.  If Hardy-Sullivan fails to timely file an Amended Complaint, this action shall be closed without further order of this court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 21, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Hardy-Sullivan v. Costco Wholesale Corporation, Civil No. 11-00167 SOM/BMK; ORDER DISMISSING COMPLAINT